NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

THOMAS JESUS QUIROZ, *Appellant.*

No. 1 CA-CR 17-0071
FILED 1-11-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-001766-001 DT
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

**C R U Z**, Judge:

¶1          Thomas Jesus Quiroz challenges his conviction for burglary in the second degree, a Class 3 felony.  He argues the State committed prosecutorial misconduct during closing arguments and the superior court erroneously precluded admission of evidence.  For the following reasons, we affirm his conviction.

**FACTUAL AND PROCEDURAL HISTORY**[1]

¶2          After the victim reported her home had been burglarized, several officers went to her home to investigate.  The next day, the victim found a bandage stuck to a blanket on her bed, and an officer came to collect it.  Subsequent testing of the bandage revealed it matched Quiroz' DNA.  The victim did not know Quiroz before the burglary and said he had no reason to be in her home.  Quiroz was charged with burglary in the second degree.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1507.

¶3          Before trial, the State moved to preclude "any and all reference that the victim suffered a [previous] burglary (or burglaries) at this same residence" and "any and all reference to the effect that the victim found a [firearm] in her home which she believed had been stolen" in the previous burglary.  It argued the evidence was not relevant because it had no tendency to prove or disprove a fact of consequence, namely, whether Quiroz entered the victim's home with the intent to commit a theft or felony therein.  Quiroz objected, explaining the victim had previously reported theft of a firearm in a burglary that occurred over a decade before, but she had since found the firearm.  He argued evidence of the earlier burglary and the missing firearm was relevant to establish the victim was unaware of how long items had remained in her home and was therefore unaware of how or when the bandage first appeared in the home.  He alternatively

---

[1]          "We view the facts in the light most favorable to sustaining the jury verdict and resolve all reasonable inferences against the appellant."  *State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007).

argued he was entitled to impeach the victim's credibility with evidence of the firearm and previous burglary.

¶4 The superior court granted the State's motion, finding the evidence regarding the previous burglary and the firearm was not relevant. It also found the probative value of the evidence of the previous burglary was "minimal" and "substantially outweighed by the prejudicial effect, confusion of issues, [and] the waste of time."

¶5 During its closing argument, the State made several comments criticizing Quiroz' theories of defense:

> What about force of nature? You know we got a huge storm going on, things blowing through, bandages blowing through a doggy door or an opening in her home and managed to float on the afghan. Of course not. Ridiculous. That's just silly, stupid, ridiculous. It's silly, stupid, ridiculous.
>
> . . .
>
> What about [the victim]? Well, maybe she picked up [Quiroz'] bandage while she was out shopping, and it wasn't strong enough to stick to his body, but yet she was walking through some store and it happened to stick to her shoe and then she walked into her house and then it happened to unstick from her shoe and jump up onto her afghan on the day—on the same day that she had a burglary. Ridiculous. That is silly, stupid, ridiculous. . . . Really? And, let's face it, folks, if you don't buy any of that at all maybe, just maybe a few of you folks will buy into the fact that this bandage grew legs of their own and just happened to jump on the edge of her afghan or [sic] the same day of a burglary; right? Again, silly, stupid, ridiculous.

¶6 It concluded:

> You took an oath to uphold the law and evaluate all of the testimony and consider all of the Judge's instructions. They are not my instructions. They are not defense counsel's instructions. They are Judge Coury's instructions, and you're required by the law to follow them, and you took an oath saying that you would. This case is about a bad choice or multiple bad choices that this man right here made on April 24th of 2012. Bad choice after bad choice, showing up to a

house that didn't belong to him, breaking in, stealing things, and there needs to be some accountability and you need to hold him accountable for those bad choices that he's made. You need to hold him accountable and you should hold him accountable for those bad choices.

There's a verdict form that you all will have and it says, basically, we the jury, duly empaneled and sworn, in the above-entitled action, upon our oaths, do find the defendant as to count 1, burglary in the second degree, guilty. You should find him guilty and hold him accountable. Hold him accountable for what he did.

¶7        Quiroz responded, saying in part that the State had the burden of proof, "[w]e don't know how that bandage got into the house," and Quiroz "could not have gotten through [victim's] window without getting scratched up and getting blood everywhere." In rebuttal, the State said:

This is an exercise of let's see what sticks. Today it was the glasses, maybe it's the daughter or a roommate or a former roommate or a dog. It just goes on and on and on. And [Quiroz' counsel] is absolutely correct, the defendant has no burden whatsoever. None. As attorneys, we have responsibilities, but we make arguments and statements. You have to own them. And when you're claiming that people can go flying through a window and a leap of faith, it's ridiculous. It's silly, stupid, ridiculous.

¶8        Quiroz objected,[2] but the superior court overruled the objection. The State concluded:

But if you remove all of these distractions over and over again, over, over, over, all of these, days' worth, you're left with one thing: one in 1.7 quintillion DNA; bandage; stranger's house; day of the burglary; didn't know her; not allowed to be in the house. That's dangerous. When you go into a house, a stranger's house to burglarize, that's

---

2        Although the transcript before us indicates Quiroz only objected to one comment during rebuttal as "abnormal," we interpret the objection—consistent with the parties' briefing—as "ad hominem," meaning, in this context, an improper and prejudicial attack on counsel.

dangerous. When you stand next to someone's bed, that's creepy. And when you go and steal their things that don't belong to you, you folks can determine what you want to do with that.

**¶9**    The jury convicted Quiroz of burglary in the second degree, a Class 3 felony, and the superior court sentenced him to a presumptive term of 13.25 years' imprisonment with 256 days of presentence incarceration credit.

**¶10**    Quiroz timely appealed. We have jurisdiction pursuant to Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶11**    Quiroz argues the State committed prosecutorial misconduct in its closing argument and rebuttal and the superior court erroneously precluded admission of evidence relating to the earlier burglary and the firearm.

I.    Prosecutorial Misconduct

**¶12**    When reviewing allegations of prosecutorial misconduct, we "evaluate each instance of alleged misconduct, and the standard of review depends upon whether [the defendant] objected." *State v. Morris*, 215 Ariz. 324, 335, ¶ 47 (2007). If the defendant objected, we review for harmless error, and we will reverse only if the defendant "established a reasonable likelihood that the misconduct could have affected the jury's verdict." *State v. Gallardo*, 225 Ariz. 560, 568, ¶¶ 35, 40 (2010). If the defendant did not object, we review for fundamental error, and we will reverse only if the defendant "establish[es] both that fundamental error exists and that the error in his case caused him prejudice." *Morris*, 215 Ariz. at 337, ¶ 59. Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* "Even if individual acts of misconduct do not necessitate reversal . . . [w]e will reverse when the cumulative effect of the incidents shows that the prosecutor intentionally engaged in improper conduct and did so with indifference, if not a specific intent, to prejudice the defendant." *State v. Escalante-Orozco*, 241 Ariz. 254, 280, ¶ 91 (2017).

A.     Fundamental Error

¶13     Quiroz argues the State's comments in its closing argument and rebuttal, *supra* ¶¶ 5-6 and 8, to which he did not object, constituted fundamental error because: (1) "a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying [Quiroz] a fair trial"; and (2) the comments appealed to the fears and passions of the jury.

¶14     Even if several of the comments Quiroz highlights, *supra* ¶ 5, could be interpreted as improperly "impugn[ing] the integrity or honesty of opposing counsel," *see State v. Ramos*, 235 Ariz. 230, 238, ¶ 25 (App. 2014) (stating "[j]ury argument that impugns the integrity or honesty of opposing counsel is [] improper"), Quiroz does not establish prejudice. Quiroz argues the comments prejudiced him by affecting the jury's perception and understanding of reasonable doubt, but the superior court instructed the jury on the meaning of reasonable doubt and clarified that "[w]hat the lawyers said or say is not evidence, but it may help you to understand the law and the evidence." We presume the jury followed the court's instructions. *Gallardo*, 225 Ariz. at 569, ¶¶ 40, 44; *see Morris*, 215 Ariz. at 336-37, ¶ 55 ("Even if the prosecutor's comments were improper, the judge's instructions negated their effect.").

¶15     Additionally, Quiroz argues the prosecutor's other comments in closing and rebuttal, *supra* ¶¶ 6 and 8, were "prejudicial fundamental error requiring reversal" because they appealed to the fears and passions of the jury. A prosecutor "cannot make arguments that appeal to the fears or passions of the jury," *Morris*, 215 Ariz. at 337, ¶ 58, but here, Quiroz has failed to show how the characterization of the burglary as dangerous or "creepy" was error of such magnitude that he could not possibly have received a fair trial, *see id.* at ¶ 59.

¶16     Because Quiroz has failed to show the State engaged in misconduct that so infected the trial with unfairness that it deprived Quiroz of a fair trial, *see id.* at ¶ 46, or that absent the State's comments a reasonable jury would have reached a different result, *Ramos*, 235 Ariz. at 236, ¶ 18, he fails to establish fundamental error and prejudice. The superior court accordingly did not commit fundamental error. That said, we do not condone the prosecutor's comments characterizing defense counsel's arguments as "silly, stupid, ridiculous." Instead, we encourage counsel to demonstrate the level of dignity and respect that is becoming of professionals in the law.

### B.     Harmless Error

**¶17**     Quiroz argues the State's comments in its rebuttal, *supra* ¶ 7, constituted reversible error because they "increased the already high probability that the jury was influenced by the prosecutor's litany of disparaging remarks."

**¶18**     Although we disapprove of comments like the prosecutor's in this case, *supra* ¶ 16, and the objected-to comment came close to crossing the line defining unacceptable conduct, Quiroz has failed to effectively establish that the prosecutor's comment in rebuttal rose to the level of misconduct.  Consequentially, he cannot establish a likelihood that said comments "could have affected the jury's verdict." *Gallardo*, 225 Ariz. at 568, ¶ 40.  We accordingly conclude the prosecutor's comments, though unsavory, did not rise to the level of prosecutorial misconduct.[3]

## II.     Preclusion of Evidence

**¶19**     Quiroz argues the superior court abused its discretion by precluding evidence of the previous burglary and the firearm because it made clearly erroneous findings of fact and failed to correctly weigh the evidence.  He also argues preclusion of the evidence deprived him of a fair trial because he was not able to cross-examine the victim about the condition of her home and her knowledge of its contents.

**¶20**     We review the superior court's preclusion of evidence for an abuse of discretion. *State v. Rose*, 231 Ariz. 500, 513, ¶ 62 (2013). We review an unpreserved Confrontation Clause claim for fundamental error only. *See State v. Alvarez*, 213 Ariz. 467, 469, ¶ 7 (App. 2006).

---

[3]     In analyzing issues of prosecutor's comments which may give rise to reversible cumulative error, we examine whether the cumulative effect of individual allegations "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998).  We have reviewed the prosecutor's additional comments and conclude that cumulatively they do not rise to the level of permeating the trial and infecting it with unfairness resulting in a denial of due process. Accordingly, we must reject Quiroz' claim of cumulative error. *State v. Bocharski*, 218 Ariz. 476, 492, ¶ 75 (2008) ("Absent any finding of misconduct, there can be no cumulative effect of misconduct sufficient to permeate the entire atmosphere of the trial with unfairness.").

**¶21** Irrelevant evidence is inadmissible. Ariz. R. Evid. ("Rule") 402. Relevant evidence is that which "has any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Rule 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403. Balancing the Rule 403 factors is "a matter particularly and appropriately left to the trial court's discretion." *Rose*, 231 Ariz. at 513, ¶ 62.

**¶22** The superior court did not abuse its discretion in concluding evidence of the earlier burglary and of the firearm was irrelevant. Quiroz argued references to previous burglaries and the firearm were relevant because: (1) "they establish[ed] a timeline for the lost, misplaced, or stolen firearm"; (2) "[s]howing that items were mislaid and lost in that home [was] imperative to showing [victim] may have been mistaken as to how the bandage arrived in the home"; and (3) they "[went] to the credibility of [victim's] housekeeping and her ability to keep track of the items in her home." As the State correctly noted in its motion in limine, however, evidence of the previous burglary and the firearm had "no tendency to prove or disprove a fact in consequence—whether [Quiroz] entered the residence of [the victim], and did so with the intent to commit a theft or felony therein." *See* Rule 401; *see also* A.R.S. § 13-1507(A) (providing "[a] person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein."). The earlier burglary occurred twelve years before the burglary at issue in this case; the victim testified she did not know Quiroz and Quiroz had no reason to be in her home; and the jury viewed photographs of the interior of victim's home on the day of the burglary; therefore, the probative value of the evidence for the purposes advocated by Quiroz was minimal. Because evidence of the previous burglary and the firearm did not have "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence," *see* Rule 401, the court did not abuse its discretion in concluding this evidence was irrelevant.

**¶23** Even assuming minimal relevance to the proffered evidence, the superior court did not abuse its discretion in finding that the probative value of evidence of the previous burglary was "substantially outweighed by the prejudicial effect, confusion of issues, [and] the waste of time." The court allowed other evidence of equal probative value on the issues raised by Quiroz. *See State v. Gibson*, 202 Ariz. 321, 324, ¶ 17 ("If the issue is not in

dispute, or if other evidence is available of equal probative value but without the attendant risks of the offered evidence, then a greater probability of substantial outweighing exists.") (quoting 1 Joseph M. Livermore, Robert Bartels, & Anne Holt Hameroff, *Arizona Practice: Law of Evidence* § 403, at 82-83, 84-86 (4th ed. 2000) (footnotes omitted)). Because the superior court "is in the best position to balance the probative value of challenged evidence against its potential for unfair prejudice," the court has broad discretion in this decision. *State v. Connor*, 215 Ariz. 553, 564, ¶ 39 (App. 2007).

**¶24** Finally, Quiroz' right to conduct a complete defense and cross-examination was not implicated by the exclusion of this evidence. The evidence regarding the previous burglary was not relevant, *see State v. Schrock*, 149 Ariz. 433, 438 (1986) (holding court did not abuse its discretion in precluding cross-examination on an irrelevant issue), and in light of the other evidence admitted at trial, Quiroz was not denied "the opportunity of presenting to the trier of fact information which bears either on the issues in the case or on the credibility of the witness," *State v. Foshay*, 239 Ariz. 271, 279, ¶ 36 (App. 2016).

## CONCLUSION

**¶25** For the foregoing reasons, we affirm Quiroz' conviction.



AMY M. WOOD • Clerk of the Court
FILED:  AA

9